# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **K.M.**

**No. 16-0271** (Kanawha County 2015-JD-193)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner K.M., by counsel Jason D. Parmer, appeals the Circuit Court of Kanawha County's March 1, 2016, dispositional order placing him on probation and in an out-of-state, inpatient treatment facility following his adjudication as a juvenile delinquent on one count of incest.[1] The State, by counsel Gordon L. Mowen, II and Zachary A. Viglianco, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in failing to impose a less-restrictive dispositional alternative and in making insufficient findings of fact to support placement in an out-of-state facility.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2013, petitioner's parents voluntarily admitted the thirteen-year-old into Highland Hospital for sexually abusing his disabled seven-year-old sister, A.M. Petitioner was discharged that same month with a discharge summary that recommended further treatment because he lacked insight into his behavior. Thereafter, petitioner was admitted to the River Park inpatient program in April of 2014 after another instance of inappropriate behavior with his sister. During his treatment, petitioner disclosed persistent sexual fantasies about his sister and classmates at his school. Despite being a patient for approximately eight months, petitioner did not make significant progress, and his father removed him against medical advice in December of 2014. Following his discharge, Highland staff informed Child Protective Services ("CPS") that petitioner feared he would abuse his sister again.

In January of 2015, CPS interviewed A.M. During the interview, A.M. disclosed abuse by two of her brothers – petitioner and Q.M. During a second interview, A.M. repeated these

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

allegations. Thereafter, police interviewed petitioner and he admitted to anally penetrating his sister on three occasions.

In September of 2015, petitioner was charged in a juvenile delinquency petition with three counts of first-degree sexual assault and three counts of incest. Petitioner was ordered to undergo an adolescent sexual offender risk assessment. At the time the report was prepared, petitioner had been ordered to attend community-based treatment. Despite this order from the circuit court, the evaluation noted that petitioner failed to attend his scheduled appointments. The evaluation further noted a "significant concern regarding [petitioner's] engagement/participation in treatment." The report ultimately indicated that petitioner could be a candidate for community treatment, but he would have to attend all therapy appointments because of "significant concern [that petitioner] must take treatment seriously and be fully engaged in that treatment in order to be safe in the community." Further, petitioner disclosed his own sexual abuse by one of his brothers during the evaluation. Thereafter, by order entered in December of 2015, the circuit court accepted petitioner's plea to one count of incest and adjudicated him a juvenile delinquent.

In February of 2016, the circuit court held a dispositional hearing. At this point, petitioner, who lived with his father and two older brothers, no longer lived in the same house as A.M., who resided with her mother. During the hearing, the circuit court heard testimony from two employees of Dayspring Counseling, where petitioner received outpatient counseling. According to one witness, although petitioner was initially considered a suitable candidate for community-based placement, new information came to light that petitioner was "unwilling to discuss the details of the case" which could lead to problems in communication with his probation officer. According to this witness, petitioner's unwillingness to discuss the past abuse constituted a "red flag" in regard to disposition. This witness also expressed concerns with petitioner's parents' lack of support, as evidenced by petitioner's father discharging him against medical advice and the fact that petitioner missed appointments throughout the proceedings. In fact, this lack of parental support constituted a high risk factor, among eight other such factors, in terms of petitioner's treatment moving forward. Following the close of evidence, the circuit court found that one of petitioner's biggest impediments to progress was his placement with his family, including petitioner's father's continued refusal to acknowledge that an older child in the home sexually abused petitioner. In fact, the circuit court went so far as to indicate that petitioner's living situation in the home was troubling. Ultimately, the circuit court found that petitioner's treatment at two prior in-state facilities was unsuccessful and ordered that placement in an out-of-state facility for inpatient treatment was necessary. It is from the dispositional order that petitioner appeals.

We have previously established the following standard of review:

"In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

2

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the circuit court's rulings below.

To begin, the Court finds no error in the disposition imposed. According to petitioner, the circuit court erred in failing to impose the least-restrictive dispositional alternative in light of testimony that he could benefit from community-based treatment. Per West Virginia Code § 49-4-714(b), "[t]he court shall make all reasonable efforts to place the juvenile in the least restrictive alternative appropriate to the needs of the juvenile and the community . . . ." In interpreting this statute, we have held as follows:

> "In considering the least restrictive dispositional alternative for sentencing a juvenile, a juvenile court must consider the reasonable prospects for rehabilitation of the child as they appear at the time of the dispositional hearing, with due weight given to any improvement in the child's behavior between the time the offense was committed and the time sentence is passed." Syllabus Point 6, *State ex rel. D.D.H. v. Dostert*, 165 W.Va. 448, 269 S.E.2d 401 (1980).

Syl. Pt. 6, *State v. Kirk N.*, 214 W.Va. 730, 591 S.E.2d 288 (2003). Based upon these authorities, it is clear that the circuit court did not err in placing petitioner in an inpatient treatment facility, as opposed to community-based treatment.

Petitioner's argument on appeal is entirely premised upon his interpretation of testimony presented at the dispositional hearing. According to petitioner, he believes that the witnesses who testified regarding his treatment needs all suggested that community-based treatment was appropriate. However, petitioner's argument ignores the fact that the witnesses identified nine high-risk factors related to petitioner's treatment in a community-based program, including one such factor that was unknown to the witnesses until after petitioner's evaluation. Specifically, the circuit court heard evidence that shortly before disposition, petitioner became "unwilling to discuss the details of the case . . . ." Petitioner's recent reluctance to speak with others regarding his past sexual abuse of his sister constituted a concern regarding his treatment, especially in light of the fact that he would need to display candor with his probation officer in order for community-based treatment to remain safe for petitioner and the public.

Moreover, petitioner's argument on appeal wholly ignores the circuit court's findings regarding his living arrangement with his father and older brothers. Specifically, the circuit court found the home troubling because of several factors, including petitioner's prior sexual abuse by an older brother in the home. Most importantly, however, was the lack of support provided by petitioner's parents. The circuit court specifically found that petitioner's family previously discharged him from treatment against medical advice, despite the fact that petitioner expressed concerns about his willingness to reoffend by again victimizing his sister. Moreover, the circuit court found that the lack of support led to petitioner missing court-ordered treatment appointments during the proceedings, which further led to him disengaging from the treatment process. Simply put, the circuit court gave due weight to the fact that petitioner displayed minimal improvement between the time of the offense and disposition, as evidenced by his failure to fully participate in treatment. Further, petitioner had previously undergone treatment at two prior facilities before these proceedings began, yet his delinquent behavior persisted. As

such, it is clear that the circuit court was presented with ample evidence that community-based treatment was not in petitioner's best interests, especially considering such treatment would require him to remain in his father's home. For these reasons, we find no error in the circuit court imposing inpatient treatment in this matter.

Finally, petitioner argues that the circuit court made insufficient findings to support placement of petitioner at an out-of-state treatment facility. Petitioner is correct that we have held as follows:

> "While a circuit court should give preference to in-state facilities for the placement of juveniles, if it determines that no in-state facility can provide the services and/or security necessary to deal with the juvenile's specific problems, then it may place the child in an out-of-state facility. In making an out-of-state placement, the circuit court shall make findings of fact with regard to the necessity for such placement." Syllabus Point 6, *State v. Frazier*, 198 W.Va. 678, 482 S.E.2d 663 (1996).

Syl. Pt. 4, *E.H. v. Matin*, 201 W.Va. 463, 498 S.E.2d 35 (1997). However, we disagree with petitioner's assessment that the circuit court failed to make sufficient findings to support its decision to place him in an out-of-state facility. In support of this assignment of error, petitioner argues that the circuit court failed to consider an additional in-state facility, Chestnut Ridge, before ordering petitioner be placed in an out-of-state facility. However, there is no evidence in the record to support this assertion. To the contrary, the circuit court specifically found that petitioner had already received treatment from two in-state facilities, to no avail. As such, the circuit court specifically found that "efforts have been exhausted to provide [petitioner] with appropriate placement in state" as there simply "are not a lot of institutions, understandably, that can deal with young people with these types of issues." Although the record does not include a discussion of Chestnut Ridge, this does not mean that the circuit court erroneously excluded the facility from its consideration. Indeed, the record shows that the circuit court simply did not believe that any facilities within the State could address petitioner's severe issues and provide appropriate treatment. This constitutes a sufficient factual finding in support of petitioner's ultimately placement.

Further, petitioner argues that the circuit court failed to consider additional factors attendant to his placement. We have previously held that other factors that mitigate against out-of-state placement of juveniles include "separation from parents and siblings, the loss of emotional support from the extended family, the inability to have meaningful family counseling, and simply the loss of visitation and regular family contact." *Id.* at 469, 498 S.E.2d at 41. Here, almost all of these factors support the circuit court's placement. As noted above, the circuit court specifically found that petitioner's home life constituted an impediment to his treatment for a variety of reasons, including his parents' lack of support for the treatment and his father's continued refusal to acknowledge petitioner's own sexual abuse by an older brother. While it is true that experts recommended petitioner engage in family counseling, the distance petitioner's family is required to travel does not preclude placement in an out-of-state facility given the other factors in support of such placement. Accordingly, we find no error in this regard.

4

For the foregoing reasons, the circuit court's March 1, 2016, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5